```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
DARRIN SHER,                             :
                                         :
                         Plaintiff,      :
                                         :         21cv1339 (DLC)
            -v-                          :
                                         :         OPINION AND ORDER
CITY OF NEW YORK, JOHN HANNAGAN, ERIK    :
HANSEN, and JOHN or JANE DOE 1-10,       :
                                         :
                         Defendants.     :
                                         :
---------------------------------------- X
```

APPEARANCES:

For plaintiff:
Sameer Nath
Sim & DePaola LLP
42-11 Bell Boulevard
Suite 405
Bayside, NY 11361

For defendants:
Christopher Gregory Arko
Ramy Louis
New York City Law Department
100 Church Street
New York, NY 10007

DENISE COTE, District Judge:

In 2021, Darrin Sher sued defendant City of New York ("the City") pursuant to § 1983 for excessive use of force, an illegal arrest and his unlawful prosecution in 2018. Sher has withdrawn his claims against the City.

In 2022, Sher filed an amended complaint naming two individual defendants, New York City Police Officers John

Hannagan and Erik Hansen.  On March 30, Sher was ordered to show cause why his claims against Hannigan and Hansen should not be dismissed as barred by the statute of limitations.  Having considered Sher's response, the plaintiff's claims are dismissed and this litigation is closed.

## Background

The following facts are taken from the First Amended Complaint ("FAC") and are assumed to be true unless otherwise stated.  The defendants Hannagan and Hansen are officers with the New York City Police Department ("NYPD").  On the night of April 27, 2018, the officers approached the plaintiff and beat him.  The officers then arrested the plaintiff and brought him to the police station, where they subjected him to a cavity search.

The plaintiff was then charged with criminal possession of a controlled substance and tampering with evidence.  The officers told the District Attorney's Office that they had seen the plaintiff engage in a drug transaction, and that the plaintiff then attempted to dispose of the evidence.  The plaintiff alleges that the officers lied in order to justify their mistreatment of the plaintiff and to initiate a criminal

2

prosecution against him. The state court charges against the plaintiff were unconditionally dismissed on August 1, 2018.

On February 16, 2021, the plaintiff filed this federal lawsuit, naming as defendants the City and John or Jane Doe 1-10. The complaint pleaded twenty-three causes of action for violation of federal and state law against the City and the John Doe defendants and incorrectly listed the arrest date as May 27, 2018. Pursuant to Southern District of New York's Plan for Certain § 1983 Cases Against the City of New York, the City provided automatic discovery to the plaintiff. See Local Civ. R. 83.10 ("Plan"). That discovery informed the plaintiff that he had been arrested by officers Hannagan and Hansen. The Plan allowed Sher to amend his complaint to name individual defendant officers without leave of the court or the consent of the defendants. See Local Civ. R. 83.10(6) ("The complaint may be amended to name additional defendants without leave of the presiding judge within six weeks after the first defendant files its answer."). Sher did not amend the complaint at that time.

The Court held a pretrial conference on November 5, 2021, at which the plaintiff expressed a desire to amend the complaint to name two officers as defendants. The Court then ordered the plaintiff to file a letter by November 12 setting forth his

proposed amendments and explaining why they had not been made in accordance with the schedule set by the Plan. A scheduling Order of November 6 required fact discovery to be completed by January 28, 2022, and set out a schedule for expert discovery and summary judgment practice.

On November 12, the plaintiff filed a letter requesting leave to amend the complaint to name Hansen and Hannagan as defendants. The letter attached a proposed amended complaint with twenty-three causes of action and again incorrectly listed the arrest date as May 27, 2018. This document was almost identical to the complaint, except for the addition of the individual defendants' names in the caption, and two new paragraphs identifying them as police officers. The plaintiff acknowledged in the letter that he had known the identity of the two arresting officers since at least May 28, 2021, when they were included in the City's initial disclosures, but explained that the complaint had not been amended pursuant to the Plan due to an "oversight."

On November 16, the plaintiff's application was denied, with leave to renew, for failure to convey the defendants' position on the request. The plaintiff filed a second letter on November 24, representing that the City did not consent to the

4

addition of Hansen and Hannagan as defendants or to the correction of the date of the arrest.  In its letter of November 29, the City explained that the proposed amendment included state law claims for which the plaintiff had not filed a notice of claim and federal claims that were unsupported by the facts alleged, such as municipal liability, First Amendment retaliation and denial of Equal Protection.

The parties having failed to reach agreement on an amendment, on November 29, the Court ordered the plaintiff to file a motion to amend his complaint and reminded plaintiff's counsel of his obligations under Rule 11 and § 1927.  See Fed. R. Civ. P. 11; 28 U.S.C. § 1927.  On December 17, the plaintiff filed a letter, not a motion, seeking to amend the complaint to correct an error regarding the date of arrest and to add the two individual officers as defendants.  The letter attached a substantially revised proposed complaint that contained just five causes of action.  The proposed complaint named only the individual defendants as the defendants in those five claims.  The City responded on January 7.  The City stated that it did not oppose an amendment to add the names of the two individual defendants or to correct the date in the complaint identifying the date of arrest.  But the City objected to the extent the

5

complaint could be construed as pleading state law claims or claims against the City. The plaintiff's reply was due on January 21, but he did not reply to the City's opposition. The plaintiff's request to amend was granted on February 2. But, since the plaintiff had not taken issue with the City's objections, the February 2 Order clarified that any claims for violation of state law and against the City were dismissed.

On March 21, 2022, almost seven weeks after the February 2 Order, the plaintiff attempted to file an amended complaint. The amended complaint was identical to that submitted on December 17, except for the date of the submission. The filing was rejected the same day by the Clerk of Court, however, because the plaintiff had not properly selected all of the identified defendants in the Court's electronic filing system ("ECF"). On March 29, the City filed a letter noting that the amended complaint the plaintiff attempted to file still named the City as a defendant, although the complaint did not bring any claims against the City. The letter also urged the Court to dismiss the plaintiff's claims against the named defendants as barred by the applicable statute of limitations. Later that day, the plaintiff successfully filed the FAC.

On March 30, the Court ordered the plaintiff to show cause by April 15 why his claims against Hannagan and Hansen should not be dismissed as barred by the statute of limitations. The plaintiff filed a response on April 19 -- four days after the deadline.[1] The City filed a reply on April 26.

The plaintiff's April 19 letter is not only untimely, but was also improperly filed by an attorney who has not noticed an appearance in this case.[2] Even if the response were timely filed by an attorney of record, however, the plaintiff's claims would still have to be dismissed for the following reasons.

## Discussion

I.  Statute of Limitations

The FAC's five claims, each brought pursuant to 42 U.S.C. § 1983, are for unlawful search and seizure, false arrest and false imprisonment, excessive force, malicious prosecution, and

---

[1] The letter bears the date April 18, but was filed on April 19.

[2] Only one attorney, Mr. Sameer Nath of Sim & DePaola LLP, has noticed an appearance on behalf of the plaintiff. The plaintiff's response to the Order to show cause, however, was signed by Samuel DePaola -- purportedly a partner at Sim & DePaola LLP, and uploaded using Mr. Nath's ECF account. Such account sharing violates ECF rules, which state that "No Filing User or other person may knowingly permit or cause to permit a Filing User's password to be used by anyone other than an authorized agent of the Filing User." ECF Rules & Instructions 8.3.

failure to intervene.  The statute of limitations for § 1983 claims is "borrowed from state law, which, in the case of New York, confers . . . a three-year period."  Duplan v. City of New York, 888 F.3d 612, 619 (2d Cir. 2018).  This three-year period begins to run when the plaintiff's claim accrues -- that is, "when the plaintiff knows or has reason to know of the harm."  Shomo v. City of New York, 579 F.3d 176, 181 (2d Cir. 2009).

A claim for false arrest, false imprisonment, or unlawful search and seizure accrues when the plaintiff is no longer detained "without legal process" -- either because he is no longer detained, or because he has been detained pursuant to legal process.  See Wallace v. Kato, 549 U.S. 384, 389 (2007); see also Weyant v. Okst, 101 F.3d 845, 852–53 (2d Cir. 1996) (noting the similarity between claims for false arrest, false imprisonment, and unlawful seizure).  A claim for malicious prosecution accrues when the prosecution against the plaintiff "end[s] without a conviction."  Thompson v. Clark, 142 S. Ct. 1332, 1335 (2022); see also McDonough v. Smith, 139 S. Ct. 2149, 2154–55 (2019).  A claim for excessive force accrues when the excessive force was used.  See Murphy v. Lynn, 53 F.3d 547, 548 n.1 (2d Cir. 1995).  Finally, a claim for failure to intervene occurs when a non-intervening officer "permits fellow officers

8

to violate clearly established statutory or constitutional rights of which a reasonable person should have known." Berg v. Kelly, 897 F.3d 99, 113 (2d Cir. 2018) (citation omitted).

The plaintiff's excessive force claim accrued on April 27, 2018 -- the day he alleges that he was beaten. The plaintiff's claims for unlawful seizure, false imprisonment, and false arrest accrued when plaintiff was arraigned the next day, on April 28. The plaintiff's malicious prosecution claim accrued on August 1, 2018, when the charges against him were dismissed. Finally, because a failure to intervene claim requires an underlying violation of the plaintiff's rights, the plaintiff's failure to intervene claim accrued no later than these dates.

Under New York's three-year statute of limitations, all of the plaintiff's claims would have normally been time barred since at least August of 2021. On March 20, 2020, however, the Governor of the State of New York issued an executive order tolling "any specific time limit for the commencement, filing, or service of any legal action" in light of the COVID-19 pandemic. N.Y. Executive 202.8. This tolling period was extended until November 3, 2020. N.Y. Executive Order 202.67. Because claims under § 1983 are "subject to state tolling rules," the statute of limitations on the plaintiff's claims was

9

tolled during this 228-day period.  See Pearl v. City of Long Beach, 296 F.3d 76, 81 (2d Cir. 2002).[3]  The plaintiff's causes of action have therefore been time barred since at least December 13, 2021,[4] for claims that accrued in April of 2018, and since March 17, 2022, for claims that accrued on August 1, 2018.

The plaintiff reaches a different result, arguing that the statute of limitations on his cause of action for malicious prosecution did not expire until March 21, 2022.  Although this difference is slight, it is material because the plaintiff originally attempted to file the FAC on March 21.

The plaintiff's calculated date, however, is incorrect, as a result of two off-by-one errors.  First, the plaintiff's calculation assumes that his malicious prosecution claim accrued on August 2, 2018.  But the FAC alleges that the charges against the plaintiff were dismissed on August 1, 2018, and it is on that date that the plaintiff's malicious prosecution claim

---

[3] Because the plaintiff's causes of action are barred by the statute of limitations regardless, the Court need not consider the City's argument that the executive orders apply only to claims that would have otherwise expired during the tolling period.

[4] If a statute of limitations expires on a weekend or legal holiday, both New York law and Federal law instead end the statute of limitations period on the next day that is not a weekend or holiday.  See N.Y. Gen. Constr. Law § 25-a(1); Fed. R. Civ. P. 6(a)(1)(C).

10

accrued. See Thompson, 142 S. Ct. at 1335. Second, the plaintiff improperly counted both the start date and the end date of the Governor's tolling period, thereby adding 229 days to the statute of limitations period instead of 228. But this is double-counting -- a period lasting from May 1 to May 5, for example, is four days long, as a matter of both math and law. See N.Y. Gen. Constr. Law § 20.

As a result of these errors, the plaintiff calculated that the statute of limitations would have expired on March 19, 2022, a Saturday. Rounded up to the nearest Monday, the statute of limitations would have expired on March 21, 2022. Removing either of the plaintiff's errors, however, brings the end of the statute of limitations back before the weekend. Accordingly, the statute of limitations for all of the plaintiff's claims expired days before the plaintiff attempted to file the FAC on March 21, and over a week before he successfully filed the FAC.

II. Relation Back

Because the FAC was not filed until the statute of limitations applicable to its claims expired, the complaint must be dismissed unless the amendments naming the defendants relate back. Under the Federal Rules of Civil Procedure, amendments to replace Doe defendants with named defendants normally do not

11

relate back. Rule 15(c)(1)(C) permits relation back only when there has been a "mistake concerning the proper party's identity." See Fed. R. Civ. P. 15(c)(1)(C)(ii). But "the lack of knowledge of a John Doe defendant's name does not constitute a mistake of identity." Hogan v. Fischer, 738 F.3d 509, 518 (2d Cir. 2013) (citation omitted)

An amendment may also relate back, however, when "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). A plaintiff bringing a § 1983 claim can therefore rely on New York's relation back rules to substitute a named defendant for a Doe defendant. See Hogan, 738 F.3d at 518-19; N.Y. CPLR § 1024. For the amendment to relate back under New York law, the plaintiff must satisfy two requirements. Hogan, 738 F.3d at 519. First, the plaintiff must "exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name." Id. (citation omitted). Second, "the party must describe the John Doe party in such form as will fairly apprise the party that he is the intended defendant." Id. (citation omitted).

Because the plaintiff has "describe[d] with particularity the date, time, and location" of the incident in which he was

allegedly beaten and arrested, he has satisfied the second of these requirements.  Id.  The plaintiff, however, failed to exercise sufficient diligence to justify relation back.

The plaintiff did not act with diligence to file a complaint which named the two individual defendants.  This action was not filed until almost three years after the events at issue.  It took another year for the plaintiff to file the FAC and add the names of the two individual defendants to a successfully filed pleading.  This delay occurred despite the plaintiff being aware of the identities of the two individual defendants no later than May of 2021, and the Plan providing the plaintiff with the opportunity to amend the complaint to identify the individual defendants without seeking leave of the defendants or the Court so long as he did so within the period provided by the Plan.  The plaintiff did not follow the Plan's procedures for amending his complaint to add them as defendants, or indicate any desire to amend the complaint until the initial conference with the Court in November.

When the Court provided the plaintiff with the opportunity to explain his delay and to obtain consent from the City to the filing of an amended complaint, the plaintiff failed to consult with the City and proposed the filing of a seriously flawed

13

complaint.  Then, when instructed to move to amend, the plaintiff chose instead to submit a letter, in contravention of this District's Local Rules and this Court's Order.  See Local Civ. R. 7.1.  Nevertheless, the Court granted the plaintiff's request to amend the complaint on February 2.  But the plaintiff nevertheless waited another seven weeks to attempt to file a complaint incorporating his proposed amendments.  This delay is not consistent with the "due diligence" that New York law requires.  See Tucker v. Lorieo, 738 N.Y.S.2d 33, 35 (1st Dep't 2002).

The plaintiff argues that his attempts to amend the complaint within the statute of limitations period constitute sufficient diligence to justify relation back.  He asserts that "[a]s soon as" he learned the true identities of the two individual officers, which he identifies as November 12, 2021, he "moved" to add them as party defendants.  Not so.  The plaintiff never filed a motion to join them as defendants, and the November date is six months after the City formally identified the officers to the plaintiff.

Next he asserts that he made two attempts to amend the complaint prior to the running of the statute of limitations.  He identifies those dates as November 12, 2021 and November 24,

14

2021.  These efforts do not evidence diligence.  With his November 12 letter, the plaintiff attached a seriously flawed pleading and submitted it without conferring with the City to determine whether it would consent to the amendment without requiring the plaintiff to file a motion to amend.  The plaintiff's November 24 letter did not attach any revised pleading and misrepresented the City's position regarding the proposed amendment.

In sum, the plaintiff has not shown diligence to excuse his failure to amend the complaint within the period prescribed by the Plan, his failure to file a proper motion to amend, or his delay in filing the FAC after his request to amend was granted.  Moreover, his delay has meant that the two individual defendants have yet to be served with a complaint providing them with notice of the plaintiff's claims.

Finally, the plaintiff argues that the defendants consented to the addition of Hannagan and Hansen as named defendants, because the City did not oppose these amendments in response to the plaintiff's December 17 letter.  But the City does not represent Hannagan and Hansen, and it cannot waive defenses on their behalf.  Even so, the City brought the statute of limitations to the Court's attention in a letter on March 29,

the same day the plaintiff filed the FAC, and only days after the statute of limitations had expired on the last of the plaintiff's claims. Therefore, even if the defense belonged to the City, it has not waived any statute of limitations defense. Accordingly, the plaintiff's claims must be dismissed.

## Conclusion

The plaintiff's claims are dismissed. The Clerk of Court shall enter judgment for the defendants and close the case.

Dated:   New York, New York
         April 29, 2022

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　DENISE COTE
　　　　　　　　　　　　　　　　　　　United States District Judge